```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                          ASHEVILLE DIVISION
                          1:07CV298-02-MU
```

| | | |
|---|---|---|
| **LARRY ANTHONY FINNEY,** | ) | |
|     Petitioner, | ) | |
| | ) | |
|        v. | ) | **O R D E R** |
| | ) | |
| **STATE OF NORTH CAROLINA,** | ) | |
|     Respondent. | ) | |

**THIS MATTER** is before this Court upon the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254, filed September 5, 2007. For the reasons stated herein, this Petition will be summarily dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Petition, on June 28, 2001, the petitioner pled guilty to the Second Degree Rape of his fifteen-year-old relative in the Superior Court of Buncombe County. On July 23, 2001, the State Court held a Sentencing Hearing in that matter.

During the course of that Hearing, the trial Court determined that the petitioner had a Prior Record Level of I which, when considered with his offense of conviction, yielded a presumptive sentencing range of 58 to 73 months imprisonment. However, based upon the petitioner's relationship to the victim, and the fact that she had been a guest in his home at the time of the rape--all as reflected in the statements made by defense

counsel, the prosecutor and the petitioner's wife--the Court further found that the petitioner had taken advantage of a position of trust or confidence in order to commit his offense. Therefore, the Court imposed an aggravated sentence of 92 to 120 months imprisonment. No direct appeal was filed for the petitioner at that time.

Rather, the petitioner's Petition reflects that he waited more than three years until October 27, 2004, when he filed a Motion for Appropriate Relief in the Superior Court of Buncombe County. According to his federal Petition, that MAR exclusively focused on the petitioner's sentence, claiming that his aggravated term erroneously had been based upon a factor which had not been proven to a jury beyond a reasonable doubt, all in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004). However, the petitioner's MAR and his Motion for Reconsideration of that MAR, both were denied.

Next, on March 10, 2005, the petitioner filed a Petition for a Writ of Certiorari in the North Carolina Court of Appeals, requesting a belated direct appeal. On March 28, 2005, the State appellate Court granted that Petition. Accordingly, appointed counsel filed an appeal to the State Court of Appeals, arguing that the trial court had committed structural and/or plain error by imposing an aggravated sentence in the absence of a jury finding of the aggravating factor, or the petitioner's voluntary

waiver of his right to have a jury make such a finding.

The State Court of Appeals agreed with the petitioner, finding that the trial Court's imposition of an aggravated sentence was error as defined by Blakely. Consequently, the State appellate Court remanded the petitioner's case for re-sentencing.

However, on February 23, 2006, the Supreme Court of North Carolina granted the State's request for a Motion for a Stay of that remand. Thereafter, the State Supreme Court remanded the petitioner's case back to the State Court of Appeals for reconsideration. Specifically, the State Supreme Court directed the appellate Court to reconsider its conclusion that the petitioner was entitled to re-sentencing in light of the State Supreme Court's recent holdings in North Carolina v. Blackwell, 361 N.C. 41 (2006) (aggravated sentence can be reviewed for harmless error) and North Carolina v. Hurt, 361 N.C. 325 (2007) (considering but rejecting harmless error argument on finding that evidence of aggravating factor was not overwhelming and uncontroverted in that case).

Accordingly, the State appellate Court conducted its review, and entered an Order finding that the petitioner was not entitled to be re-sentenced. See North Carolina v. Finney, No. COA05-850-2, slip op. at 3 (N.C.App. July 3, 2007). That is, the State Court of Appeals determined that the petitioner's sentence had to be upheld under either a determination that no Blakely error had

occurred or, in the alternative, that any such error was harmless beyond a reasonable doubt since the evidence of the aggravating factor was overwhelming and uncontroverted. Id.

In particular, the State appellate Court noted that the statements of the prosecutor, defense counsel and the petitioner's wife all established that the petitioner was the uncle of the victim by marriage; and that at the time that he raped the victim, she had been "staying with the [petitioner] for a period of four days." Id. Therefore, the State Court of appeals found that the trial Court's sentence did not constitute reversible error. Id.

Following that decision, the petitioner filed the instant Petition, challenging his conviction and sentence. Specifically, the petitioner argues that he was subjected to four instances of ineffective assistance of counsel; that his guilty plea was not intelligently and voluntarily tendered; and that the trial Court imposed his sentence in violation of Blakely.

Notwithstanding his obviously strong beliefs to the contrary, however, this Court carefully has reviewed the Petition and determined that it must be dismissed.

## II. **ANALYSIS**

### 1. **Standard of review for habeas petitions**.

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of

4

the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. §2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. . . ."

Id. (internal citations omitted).

The Supreme Court has explained that a State court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch.

An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

The applicable standard of review is to be applied to "all

5

claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.23d 445, 455 (4th Cir. 1999). With these principles firmly in mind, this Court now directs its attention to the petitioner's claims.

### 2. **The petitioner's allegations against counsel are baseless**.

According to the record of this matter, following the petitioner's entry of his guilty plea and his stipulation to a factual basis for his conviction, defense counsel advised the Court that the 15 year-old victim was related to the petitioner through marriage, and had been a guest in his home at the time of the rape. In addition, the prosecutor advised the Court of those matters, stating that the victim had been staying at the petitioner and his wife's home because her parents were on vacation. Last, the petitioner's wife explained that she is the aunt of the victim, making the petitioner the victim's uncle by marriage. Using those facts, the trial Court found the existence of the aggravating factor abuse of position of trust or confidence, and imposed an enhanced sentence of 92 to 120 months imprisonment.

By his first claim, the petitioner raises several allegations against his former trial attorney.[1] First the petitioner

---

[1] A careful reading of the petitioner's pleading reflects that the petitioner did not raise any claim against his former trial attorney in his State Court proceedings. Ordinarily, therefore, the claim would be subject to

6

argues that in light of the ruling announced in Apprendi, counsel was ineffective for having spoken so candidly with the Court. Second, the petitioner claims that counsel was ineffective for having failed to challenge the admission of the same information from the prosecutor and his wife. Third, the petitioner claims that counsel was ineffective for having failed to honor his request for an appeal. Last, the petitioner claims that counsel was ineffective for having failed to advise him of the one-year deadline which is applicable to habeas petitions. However, none of these arguments has any merit.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865

---

dismissal as procedurally defaulted. Teague v. Lane, 489 288, 298 (1989). However, inasmuch as the Court has determined that the petitioner cannot prevail on the merits of his allegations against counsel, it chooses not to prolong this matter by formally noticing the default and directing the petitioner to respond. Rather, the Court will exercise its discretion and reach the merits of the claim; therefore, no prior notice of such default is required. See 28 U.S.C.A. §2254(b)(2) (providing habeas petition can be "denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

(1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

Further, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under. . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

Most importantly, a petitioner who alleges ineffective assistance following entry of a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Cir-

8

cuit described the petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, <u>he would not have pleaded guilty and would have insisted on going to trial</u>."

Hooper, 845 F.2d at 475 (emphasis added); accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

At the outset of its analysis of the petitioner's allegations against counsel, the Court notes that his Petition is devoid of any allegation that but for counsel's alleged errors, he would have pled not guilty and insisted upon a jury trial. Accordingly, the petitioner's allegations of ineffective assistance are subject to dismissal on that basis alone.

As to his argument that counsel should have protected his rights under Apprendi by not explaining the circumstances of the offense to the trial Court, this Court finds that the petitioner has misapprehended the law. To be sure, it is clear that at the time that the petitioner was sentenced in July 2001, Apprendi was not understood to mean what it now is understood to mean. That is, in Apprendi, the Supreme Court held that any fact, other than the fact of a defendant's prior convictions, which increases the statutory maximum term must be charged in the indictment and

9

submitted to the jury for proof beyond a reasonable doubt. However, at the time that the petitioner was sentenced, the term "statutory maximum" was understood to mean the maximum term provided under the statute of conviction. See United States v. Lewis, 235 F.3d 215, 218-19 (4th Cir. 2000) (upholding the imposition of uncharged sentence enhancements which did not increase the sentence beyond that provided for by the statute of conviction); United States v. Kinter, 235 F.3d 192, 198-202 (4th Cir. 2000) (same), cert. denied, 532 U.S. 937 (2001).

Consistent with that understanding, at the time that the petitioner was sentenced, the "statutory maximum" term which could have been imposed for a second degree rape conviction under N.C.G.S. §14-21(b) was life imprisonment. Thus, in July 2001, the only way that counsel could have been deficient for candidly discussing the facts of this case is if counsel had made the subject statements after having been put on notice that the Court was intending to impose a sentence greater than life imprisonment. Obviously, that did not occur here.

Rather, it was not until 2004, when the Supreme Court decided the case of Blakely v. Washington, 542 U.S. 296, 393 (2004), that the holding in Apprendi was clarified to define the term "statutory maximum" as the maximum sentence which could be imposed "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Therefore, any determi-

nation that counsel was deficient based upon how he responded to Apprendi would require this Court to conclude that counsel should have predicted the Blakely decision and then correctly formulated strategies based upon that prediction. Suffice it to say, however, the law requires no such extraordinary abilities from its practitioners.

Similarly, the petitioner's argument that Apprendi required trial counsel to challenge the recitation of the subject facts by the prosecutor and the petitioner's wife is groundless for the same reasons as discussed above. To put it simply, at the time that the petitioner was sentenced, there was no basis for counsel to have objected to the admission of those statements.

Equally critically, the petitioner does not deny the veracity of the subject statements. Therefore, the petitioner's arguments that counsel should have performed differently based upon the Apprendi decision simply is baseless.

Turning next to the petitioner's argument that counsel failed to honor his request for an appeal, that matter also can be put to rest. Indeed, the record reflects that the petitioner did take a direct appeal--albeit several years after his conviction was imposed. However, nothing in this record can support a conclusion that the petitioner's appeal likely would have succeeded had it been taken immediately following his conviction in 2001, rather than in 2005 when it actually was taken. On the

contrary, it was not until 2004 when Blakely was announced that the petitioner even had an arguable claim to raise on appeal. Therefore, the petitioner cannot possibly establish any prejudice in connection with this argument.

Likewise, the petitioner argues that counsel was ineffective for having failed to tell him about the one year limitations period which is applicable to habeas actions under §2254. However, even assuming the petitioner was unaware of that deadline, he still managed to timely file his habeas Petition with this Court. In sum, the Court has carefully reviewed all of the above allegations against counsel, and has determined that this record fails to reveal either a deficient performance or any resulting prejudice. Therefore, the petitioner's claims of ineffective assistance of counsel must be rejected.

### 3. **The petitioner also cannot prevail on his claim of an involuntary, un- intelligent guilty plea**.

By his next claim, the petitioner argues that his guilty plea was not intelligently and voluntarily made solely "because of the gross ineffectiveness of counsel as shown in the previous four allegations . . . ." However, the Court already has determined that counsel was not ineffective in the ways that the petitioner here alleges. Therefore, this claim of an unknowing and involuntary guilty plea, which allegation also was not raised by the petitioner in any of his State proceedings, must be

dismissed as feckless.

### 4. **The petitioner's claim of a Blakely error also must be rejected**.

By his final claim, the petitioner argues that the trial Court violated his rights under <u>Blakely</u> when it imposed an aggravated sentence in his case. This claim, however, fails for several critical reasons.

First, the State Court already has determined that any <u>Blakely</u> error which occurred was harmless beyond a reasonable doubt. Accordingly, since the petitioner has done no more than come to this Court and reassert the arguments which previously were made in support of this claim, he has failed to show that the State Court's decision was contrary to, or involved an unreasonable application of clearly established federal law.

Second, as this Court already has explained, <u>Blakely</u> was not decided until three years <u>after</u> the petitioner was sentenced. Therefore, the sentencing Court could not possibly have violated the rule from <u>Blakely</u> when it sentenced the petitioner.

Third, the U.S. Supreme Court did not make its holding in <u>Blakely</u> retroactively applicable to cases on collateral review. Indeed, the High Court's decision in <u>Schriro v. Summerlin</u>, 542 U.S. 348, 352 (2004), tends strongly to suggest that <u>Blakely's</u> holding is <u>not</u> available in this context since <u>Blakely</u> has not been understood to fit into the exceptional category of cases which alter the range of conduct or the class of persons that the

law punishes.

Moreover, in <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005), the Fourth Circuit expressly stated that the rule from <u>Blakely</u> "is not a watershed rule" which is available to petitioners in the post-conviction collateral review context. Therefore, the petitioner simply is not entitled to any relief on this claim.

### III. <u>CONCLUSION</u>

The Court has carefully reviewed each of the petitioner's claims and determined that they all are foreclosed by both the record and the relevant legal precedent. Accordingly, the petitioner's Petition must be summarily <u>dismissed</u>.

### IV. <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 is **DISMISSED** because he is not entitled to any relief on his claims.

**SO ORDERED.**

Signed: September 13, 2007

Graham C. Mullen
United States District Judge